IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHARLEY HUGHES,

    Plaintiff,

v.

JAMES HEIMGARTNER,

    Defendant.

Case No. 16-3147-JAR-DJW

## MEMORANDUM & ORDER

The matter before the Court is on Plaintiff's Motion to Appoint Counsel (Doc. 14). Defendant filed a Motion to Dismiss or Motion for Summary Judgment (Doc. 9) on January 13, 2017. Plaintiff never responded. On February 14, 2017, the Court ordered Plaintiff to show good cause as to why Defendant's motion should not be granted as unopposed and to file any response to Defendant's motion by February 27, 2017. On February 17, Plaintiff filed a one-page response (Doc. 13), and on February 21, he filed a one-page Supplement to his Complaint (Doc. 15). For the reasons below, the Court grants Plaintiff's motion for appointment of counsel.

Section 1915(e)(1) provides that the "court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). In addition to determining the financial need of the movant, if the court determines the movant has a colorable claim, then it "should consider the nature of the factual issues raised in the claim and the ability of the plaintiff to investigate the crucial facts." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citing *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985) (citing *Maclin v. Freake*, 650 F.2d 885, 887 (7th Cir. 1981)). The Tenth Circuit has adopted several factors for determining whether appointment of counsel is appropriate, including: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the

complexity of the legal issues raised by the claims." *Id.* (citing *Williams v. Messe*, 926 F.2d 994, 996 (10th Cir. 1991) (citing *Maclin v. Freake*, 650 F.2d 885, 886 (7th Cir. 1981)).

After reviewing the factors used in determining whether to appoint counsel, the Court concludes that the factors weigh in favor of appointing counsel in this case. Because the Court is appointing counsel, it construes Plaintiff's Supplement to Complaint (Doc. 15) as a motion to amend his complaint, which the Court grants. Thus, Plaintiff's appointed counsel will file Plaintiff's Amended Complaint. The deadline to file the Amended Complaint will be set in the Court's order appointing counsel.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Appoint Counsel (Doc. 14) is granted. The Court will appoint counsel in a subsequent order.

**IT IS FURTHER ORDERED** that Plaintiff's Supplement to Complaint (Doc. 15) is construed as a Motion to Amend and is granted. The deadline to file an Amended Complaint will be set in the subsequent order appointing counsel.

**IT IS SO ORDERED.**

Dated June 6, 2017, at Kansas City, Kansas.

David J. Waxse
United States Magistrate Judge